UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

TERRI RASMUSSEN,

    Plaintiff,

vs.

METROPOLITAN LIFE
INSURANCE COMPANY,

    Defendant.

_____/

CASE NO:

## COMPLAINT FOR DISABILITY BENEFITS

Plaintiff, TERRI RASMUSSEN, by and through undersigned counsel, hereby sues Defendant, METROPOLITAN LIFE INSURANCE COMPANY, and says:

### I. JURISDICTION AND VENUE

1. Plaintiff's claims are filed pursuant to 29 U.S.C. § 1001, *et seq.* (ERISA). Venue and jurisdiction are, therefore, proper pursuant to 29 U.S.C. § 1132.

### II. PARTIES

2. Plaintiff, TERRI RASMUSSEN ("Ms. Rasmussen"), is a resident of Florida. Defendant, METROPOLITAN LIFE INSURANCE COMPANY (hereinafter "METLIFE" or "Defendant") is a foreign corporation doing business in Florida and can be found in Florida. Defendant is the insurer and claims administrator of the disability policy at issue in this case.

### III. FACTS

3. At all times material to this action there was in full force and effect a group insurance policy for short and long-term disability benefits ("the policy") constituting a binding contract of insurance between the parties. (Attached hereto as Exhibit "A".)

4. At all times material, Defendant operated under an inherent structural conflict of interest because of its dual role as administrator of claims all while serving as the insurance company paying benefits out of its own assets.

5. Ms. Rasmussen was employed with Morgan Stanley as a Senior Customer Service Associate. By virtue of her employment, Ms. Rasmussen was an eligible participant of the policy at all times material to this action.

6. The purpose of the policy was to provide Ms. Rasmussen a monthly benefit in the event that she became disabled.

7. The short-term component of the policy defines Disability, in pertinent part, as follows:

> *You will be considered disabled by MetLife based on medical information provided by your physician related to your absence from work as a result of illness, injury or pregnancy if you are:*
>
> - *Unable to perform the essential functions of **your** regularly scheduled occupation, or*
>
> - *Unable to perform **any** other job Morgan Stanley offers you for which you are qualified.*

8. The long-term component defines disability as:

> *Generally, you are considered to be disabled as a result of illness, injury, pregnancy or a complication of pregnancy following a 180-day Elimination Period if MetLife determines that you:*
>
> - *Cannot perform all of the material duties of your regular occupation, or*
>
> - *Cannot perform all of the material duties of your regular occupation on a full-time basis but you:*
>   - *Are performing at least one of the material duties of your regular occupation or another occupation on a part-time or full-time basis, and*
>   - *Have a loss of earnings of at least 20 percent per month as a result of the same sickness or injury.*

9. Ms. Rasmussen suffers from, among other things, severe chronic kidney disease, prediabetes, hypertension, hyperlipidemia, anemia, urinary tract infections and confusion.

10. Ms. Rasmussen has been unable to perform the material and substantial duties of her own occupation, and any other occupation, at all times material to this claim; she is disabled under the terms of the short and long-term policy.

11. Ms. Rasmussen was forced to discontinue working on September 18, 2020, due to her disabling conditions.

12. In accordance with the procedures set forth by the policy, Ms. Rasmussen notified Defendant that she was disabled.

13. Upon receipt of Ms. Rasmussen's completed claim forms, Defendant denied Ms. Rasmussen's claim for short-term disability benefits from September 21, 2020, through March 19, 2021. (Attached hereto as Exhibit "B".)

14. In denying Ms. Rasmussen's claim for disability benefits, Defendant deemphasized medical evidence favoring disability and instead relied on the views of its own medical consultants.

15. The termination of Ms. Rasmussen's disability benefits was a breach of the terms of the policy, and the decision was wrong and arbitrary and capricious.

16. The termination of Ms. Rasmussen's disability benefits breached the fiduciary duties owed to Ms. Rasmussen under ERISA. Defendant further failed to discharge its duties in respect to discretionary claims processing solely in the interests of Ms. Rasmussen as a participant of the disability policy.

17.     By letter dated November 16, 2020, Ms. Rasmussen appealed Defendant's decision to deny her claim for short-term disability benefits. (Attached hereto as Exhibit "C".)

18.     By letter dated February 11, 2021, Defendant upheld its decision to deny Ms. Rasmussen's claim for short-term disability benefits.

19.     In March 2021, Ms. Rasmussen filed a claim for Long Term Disability (LTD) benefits, being that her STD claim was denied.

20.     By letter dated July 6, 2021, Defendant denied Plaintiff's claim for long term disability benefits. (Attached hereto as Exhibit "D".) While Defendant acknowledges that Plaintiff may be experiencing symptoms due to her multiple medical conditions, Defendant asserts that the information on file does not provide medical evidence to substantiate that Plaintiff's severity of symptoms preclude her from performing the sedentary duties of her occupation.

21.     However, Defendant has misclassified Plaintiff's work as sedentary. Plaintiff's occupation was very complex and required Plaintiff to handle stock trades and financial determinations for her employer. This included processing wires for accounts, working with high-net-worth clients, respond to stock market trades with clients and wire millions of dollars on a daily basis.

22.     Ms. Rasmussen exhausted her appeals under ERISA, or any such requirement was waived, excused and/or futile.

### IV.     COUNT I: SHORT-TERM DISABILITY BENEFITS

Plaintiff incorporates the allegations contained in Paragraphs 1 through 22 as if fully stated herein and says further that:

23. Plaintiff is entitled to certain benefits of the policy consisting of past short-term disability benefits including prejudgment interest, retroactive to the day benefits were denied pursuant to 29 U.S.C. §1132(a)(1)(B).

24. Plaintiff is entitled to the benefits identified herein because:
    a. The benefits are permitted benefits under the policy;
    b. Plaintiff has satisfied all conditions to be eligible to receive the benefits;
    c. Plaintiff has not waived or otherwise relinquished her entitlements to the benefits.

25. Defendant has refused to pay the benefits sought by Ms. Rasmussen, ignoring the medical records and clear opinions of her physicians.

## V.  COUNT II: LONG-TERM DISABILITY BENEFITS

Plaintiff incorporates the allegations contained in Paragraphs 1 through 22 as if fully stated herein and says further that:

26. Plaintiff is entitled to certain benefits of the policy consisting of past long-term disability benefits including prejudgment interest, retroactive to the day benefits were denied pursuant to 29 U.S.C. §1132(a)(1)(B).

27. Plaintiff is entitled to the benefits identified herein because:
    a. The benefits are permitted benefits under the policy;
    b. Plaintiff has satisfied all conditions to be eligible to receive the benefits;
    c. Plaintiff has not waived or otherwise relinquished her entitlements to the benefits;

28. Defendant has refused to pay the benefits sought by Ms. Rasmussen, ignoring the medical records and clear opinions of her physician.

### VI.  COUNT III: ATTORNEY'S FEES

Plaintiff incorporates the allegations contained in Paragraphs 1 through 28 as if fully stated herein and says further that:

29.     To the extent that Defendant violated any provisions of Subchapter I of Title 29, Chapter 18 of the United States Code, Plaintiff is entitled to reasonable attorney's fees and costs of this action pursuant to 29 U.S.C. §1132(g)(1).

### VII.  RELIEF REQUESTED

Plaintiff incorporates the allegations contained in Paragraph 1 through 29 as if fully stated herein and says further that:

30.     As a result of the acts and/or omissions of Defendant as alleged herein, Defendant owes Plaintiff unpaid short and long-term disability benefits, plus interest.

31.     Defendant is also liable for Plaintiff's attorney's fees and the costs of litigation in an amount to be proven at trial.

32.     Defendant is also liable to place Plaintiff in the position she would have enjoyed under the policy had she not been wrongfully denied benefits by Defendant.

### VIII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff, TERRI RASMUSSEN, prays for a judgment against Defendant for the relief as plead herein and for such other relief as this Honorable Court deems just and proper.

### IX.  JURY DEMAND

The Plaintiff requests trial by jury.

Dated:  August 9, 2021.

        Respectfully submitted,

        BENRUBI LAW, P. A.
        6501 Congress Avenue, Suite 118
        Boca Raton, FL  33487
        Phone:  (561) 296-3963
        Email: *RBenrubi@benrubilaw.com*
        Secondary: *cgarcia@benrubilaw.com*

        *Counsel for Plaintiff*

        By:  /s/ **Richard M. Benrubi**
            RICHARD M. BENRUBI, ESQ.
            Florida Bar No.: 796573